**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | | |
|---|---|---|
| **DENVER ELECTRICAL, CONTRACTORS, INC.** | ) | **Case No.:** |
| **Plaintiff,** | ) | |
| **vs.** | ) | **JURY TRIAL DEMANDED** |
| **DENVER ELECTRICAL, LLC, DENVER FIRE ALARM SYSTEMS, INC., SHAWN ESPINOZA and SOLOMON ESPINOZA** | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiff Denver Electrical Contractors, Inc. submits its Complaint for monetary damages and injunctive relief against Defendants as follows.

## INTRODUCTION

1. This is a civil action for copyright infringement, and federal and state false advertising, unfair competition, and trademark infringement arising out of Defendants' unlawful use of Plaintiff's website, logos and names to compete directly with Plaintiff.

2. Plaintiff is in the business of providing electrical services, doing everything from small to enterprise scale electrical projects, to the provision and installation of electric power fire and burglar alarms. It promotes its services, among other places, on the website DenverElectrical.Com, and using its stylized logo:

3. Defendants Shawn and Solomon Espinoza used to work for Plaintiff in its fire alarm division before they were let go by Plaintiff in September, 2022.

4. In order to help the Espinozas, though it was not required to, Plaintiff offered the Espinozas the limited opportunity to do some sub-contracting work to assist them in starting their own fire alarm company.

5. Plaintiff even told the Espinozas that so long as they otherwise stayed in their lane, they could use one page of Plaintiff's website related to fire alarms only and that they could license use Plaintiff's Denver Fire Alarm logo that is similarly designed as its main logo so long as they didn't use anything else of Plaintiff's.

6. Unfortunately, the Espinozas got greedy and chose a different route.

7. Instead of accepting Plaintiff's kind-hearted limited permission and licensing with appreciation and grace after being terminated, the Espinozas not only use the Denver Fire Logo in and the one website page, but they also:

    (a) Copied much of Plaintiff's website to the point you can't tell the difference between Plaintiff's and Defendants';

    (b) Registered an LLC with a near identical name of Plaintiff's longtime company "Denver Electrical Contractors;"

    (c) Used Plaintiff's Denver Electrical Contractors' logo;

    (d) Violated its limited rights to use the Denver Fire Alarm logo;

    (d) Registered a Colorado trademark for one of Plaintiff's logos;

8. The above acts were all done willfully and in violation of federal and state law.

9. Plaintiff not only seeks damages and payment of legal fees for Defendants' willful infringement and unfair competition, it also seeks an injunction to prohibit Defendants' continued use of Plaintiff's website, logo and name.

**PARTIES**

9. Plaintiff Denver Electrical Contractors, Inc. is a Colorado corporation with its principal place of business in Denver, in this judicial district.

10. Defendant Denver Electrical, LLC is a Colorado limited liability company, which is owned and controlled by Defendants and is located in this judicial district.

11. Defendant Denver Fire Alarm Systems, Inc. is a Colorado corporation located in Denver, which also is owned and controlled by Defendants.

12. Defendant Shawn Espinoza is an individual residing in Edgewater, Colorado, in this judicial district. He owns and operates, and has directed the unlawful activities set forth in this matter on behalf of himself and the entity Defendants.

13. Defendant Solomon Espinoza is an individual residing in Aurora, Colorado, in this judicial district. He also owns and operates, and has directed the unlawful activities, set forth in this matter on behalf of himself and the entity Defendants.

**JURISDICTION**

13. Plaintiff asserts a claim for copyright infringement under the Copyright Act, as well as claims for trademark infringement, unfair competition, and false advertisement under federal and state law. This Court, therefore, has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338 and 1367.

14. This Court has personal jurisdiction over Defendants because they are all located in Denver, Colorado and their acts giving rise to this lawsuit occurred in Denver, which constitute commission of torts within the State of Colorado.

15. Venue is proper in this District under 28 U.S.C. § 1391 because, among other things, for the same reasons as above.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### A. The Relationship Between Plaintiff and Defendants The Espinozas

16. Shawn Espinoza began working for Plaintiff in 2019 in its fire alarm division, and Solomon Espinoza also went to work for Plaintiff in the same division in 2021.

17. In September, 2022, Plaintiff terminated the Espinozas' employment but wanted out of the goodness of the owners' hearts, gave the Espinozas limited permissions to use a fire alarm logo and one website page to still do some contracting work and help them start their own business in the fire alarm space so long as they otherwise did not violate any of Plaintiff's rights.

### B. Defendants The Espinozas Start Competing Business

18. Shortly after losing their position with Plaintiff, Shawn Espinoza registered two companies to start his new ventures, Defendants Denver Fire Alarm Systems, Inc, and Denver Electrical, LLC.

19. The Espinozas and their companies then also began operating a fire alarm and electrical contractor business in direct competition with Plaintiff.

### C. Defendants Infringe Plaintiff's Copyrighted Website

20. Plaintiff's website denverelectrical.com is subject to a registration with the U.S. Copyright Office, Reg. No. VAu 1-513-389.

21. Defendants, rather than pay someone to create their own website, copied significant portions of Plaintiff's website denverelectrical.com.

22. In fact, it is near impossible to tell the difference between Defendants' infringing website denverfire.com and Plaintiff's website:

***Defendants:*** ***Plaintiff:***



Accessed 7/27/2023, https://denverfire.com/

Accessed 7/27/2023, https://denverelectrical.com/

Accessed 7/27/2023 https://denverfire.com/electrical-services/

Accessed 7.27/2023 https://denverelectrical.com/electrical/

Accessed 7/27/2023 https://denverfire.com/portfolio-2/

Accessed 7/27/2023 https://denverelectrical.com/portfolio-2/

Accessed 7/27/2023 https://denverfire.com/careers/

Accessed 7/27/2023 https://denverelectrical.com/careers/

Accessed 7/27/2023 https://denverelectrical.com/contact/

23. The copying was clearly substantial and done willfully.

## D. Defendants Infringe Plaintiff's Names and Logos

24. Prior to Defendant's use, Plaintiff used the names Denver Electrical Contractors and Denver Fire Alarm and owns trademark rights in those names.

25. The names are so well known in this geographical area that they have achieved secondary meaning.

26. Plaintiff also has been using a Denver Electrical and Denver Fire Alarm logos in connection with its business for some time and its most recent logos since before Plaintiff terminated Defendants the Espinozas. The names and logos shall be referred to as the "Marks."

27. Not only have Defendants started a new company using virtually the same names, but they also have used Plaintiff's logos without permission.

28. Defendants also filed and obtained registration for a state trademark for one of Plaitifff's logos, which was done fraudulently and without Plaintiff's consent.

29. Once again, these blatant uses of Plaintiff's marks were done willfully.

**COUNT I**
**Copyright Infringement**

29. Plaintiff restates the preceding paragraphs.

30. Plaintiff owns a valid copyright registration in its website denverelectrical.com, including the text, graphics, photographs and all other creative elements of the website.

31. Defendants have substantially copied significant portions of the copyrighted website on its own website denverfire.com.

32. As a result of Defendants' infringement, Plaintiff has been damaged and will continue to be damaged until the infringement stops.

33. Plaintiff has no complete adequate remedy at law and is entitled to an injunction requiring Defendants to take down the infringing website.

**COUNT II**
**Federal Unfair Competition/Trademark Infringement**
**(Lanham Act Section 43(a) (15 U.S.C. § 1125(a)))**

33. Plaintiff restates the preceding paragraphs.

34. Defendants' use of the Marks is likely to cause confusion among the general purchasing public.

35. Indeed, the use of identical names and logos creates a likelihood of confusion by ultimate purchasers as to both the source and sponsorship of the services offered.

36. Defendants' unlawful, unauthorized, and unlicensed advertising and offering for sale of competing services all to Defendants' profit and Plaintiff's damage and injury.

37. These acts of Defendant aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' use of the Marks constitutes false designation of origin and unfair competition.

38. Plaintiff has no complete adequate remedy at law. If Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

39. As a result of Defendant's activities, Plaintiff has been damaged in an amount to be ascertained at trial.

**COUNT III**
**Common Law Trademark Infringement**

40. Plaintiff restates the preceding paragraphs.

41. Defendants' use of the Marks and confusingly similar marks, terms and phrases is likely to cause confusion among consumers as to any affiliation between the companies, or is likely to cause consumers to think that their services originate from the same source.

42. Defendants' use of the Marks and confusingly similar marks, terms, and phrases, therefore, infringes Plaintiff's common law trademark rights in the Marks, resulting in damages to Plaintiff.

43. Defendants' wrongful use of the Marks and confusingly similar marks, terms and phrases is a deliberate, intentional and willful attempt to injure Plaintiff's business, to trade on its business, to palm off or pass off the services.

44. Defendants have been and are likely to continue to be unjustly enriched by their infringing conduct.

45. Plaintiff has no complete adequate remedy at law. If Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

46. As a result of Defendants' activities, Plaintiff has been damaged in an amount to be ascertained at trial.

**COUNT IV**
**UNFAIR AND DECEPTIVE TRADE PRACTICES - COLO.REV. STAT. § 6-1-105(1)**

47. Plaintiff restates the preceding paragraphs.

48. Colorado. law prohibits deceptive trade practices, including but not limited to knowingly or recklessly i) passing off services as those of another; ii) misrepresenting the source or sponsorship of the services; or iii) engaging in any unfair, unconscionable, deceptive, deliberately misleading, false, or fraudulent act or practice. Colo. Rev. Stat. Ann. § 6-1-105(1

49. Defendants' use of the Marks, including the exact logo, and the way Defendants have copied and mimicked in every fashion its website is a knowing passing off of Plaintiff's services and misrepresents the source of Defendants' services.

50. Defendants' wrongful conduct described herein constitutes unfair, unconscionable, deceptive and deliberately misleading practices.

51. Defendants have been and are likely to continue to be unjustly enriched by their infringing conduct and Plaintiff has and will suffer damages.

52. Plaintiff has no complete adequate remedy at law. If Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

53. As a result of Defendants' activities, Plaintiff has been damaged in an amount to be ascertained at trial.

## PRAYER FOR ALL COUNTS

WHEREFORE, Plaintiff requests that judgment be entered in its favor and that:

A. This Court award all damages and other monetary relief available as a result of Defendant's wrongful conduct, such damages and monetary relief including, but not limited to, actual damages, lost profits, Defendants' profits, treble damages, attorneys' fees, and all other monetary relief available under the Copyright Act, 15 U.S.C. § 1117, state law and otherwise;

B. This Court enter injunctive relief ordering Defendants, and their successors, assigns, affiliates, employees, partners, and anyone acting in concert with them or at their behest or direction, to:

   1) Cease all use and to never use the Marks.

   2) Cease use of Defendants' website and never use any portion of Plaintiff's website again;

   3) Change the name of Defendants' two entities to names that are not confusingly similar to Plaintiff's;

   4) Withdraw the fraudulently filed state trademark application;

   5) Refrain from doing any other act or thing likely to induce the belief that any of Defendants' business, services or commercial activities are in any way legitimately connected with or sponsored or approved by Plaintiff;

    4) Remove all metatags for any web site owned, operated or controlled by Defendants, or their affiliates, partners or employees, that incorporate the Marks, or any confusingly similar mark, term or phrase.

C. This Court award Plaintiff such other and further relief, including costs, as this Court deems just and equitable.

**JURY DEMAND**

Plaintiff hereby demands a jury trial on all issues so triable.

DATED this 20th day of December, 2023.

Jeffrey H. Kass Attorney No. 44305
1626 Wazee St., Suite 200
Denver, CO 80202
Tel: (303) 723-8400
Fax: (844) 670-6009
Email: JKass@dickinson-wright.com
***Attorney for Plaintiff***

4869-1731-6220 v1 [106898-1]